**United States Bankruptcy Court**
**Southern District of Georgia**

17-10157

In re **Regina Nelson Ruffin**
Debtor(s)

Case No.
Chapter **13**

# CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ **338.00** for the applicable commitment period of:

   ☐ 60 months: **or**    (If applicable include the following): These plan payments
   ☑ a minimum of 36 months. § 1325(b)(4).    change to $_____ in month _____.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $ **3,000.00** to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   | **-NONE-** | | |

   **IN THE ALTERNATIVE:**
   ☑ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | **Wells Fargo Home Mortgage** | **$936.00 or contract rate (Resume March 2017)** |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | **-NONE-** | | | | |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE % | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | **-NONE-** | | | | |

   (g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

   | CREDITOR | ESTIMATED PREPETITION CLAIM |
   |---|---|
   | **Wells Fargo Home Mortgage** | **$11,000.00** |

(h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____ %; ☑ without interest.

    CREDITOR
    **-NONE-**

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a __0__ % dividend or a prorata share of $ __0.00__ , whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:   ☑ Direct to the Creditor; or   ☐ To the Trustee

    CREDITOR             ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT
    **-NONE-**

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

    CREDITOR             ADDRESS
    **-NONE-**

5. Pursuant to 11 U.S.C. §522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

    CREDITOR             PROPERTY
    **Terry Nelson**             **All collateral**

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

    CREDITOR             DESCRIPTION OF COLLATERAL             AMOUNT OF CLAIM SATISFIED
    **-NONE-**

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8.     Other provisions:

17-10157

(a) All secured claims to be paid 3.25% interest, unless otherwise stated herein.

(b) Authorization is hereby given to Debtor's (Debtors') mortgagee(s) to initiate verbal and written contact with Debtor(s) for the purpose of reviewing any and all mortgage accounts for eligibility to participate in loss mitigation options, and negotiating a final agreement of any such option, during the pendency of this case, including but not limited to a loan modification, a short sale, and a deed in lieu. This authorization shall be valid until it is revoked in writing, the dismissal or closing of the Chapter 13 bankruptcy, or approval of any such final agreement by the Office of the Chapter 13 Trustee or the United States Bankruptcy Court.

(c) Provided there is no demand by Debtor's (Debtors') mortgagee(s) for payment of any pre-petition debt, Debtor(s) shall not consider it to be a violation of the automatic stay for said mortgagee(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes, or other such notices as said mortgagee(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of Debtor(s). Debtor's (Debtors') mortgagee(s) shall allow Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (EFTs), telephonic payments, money orders, Western Union, or any other manner acceptable to said mortgagee(s).

(d) Upon completion of all payments and/or granting of a discharge in this case, all secured creditors that were paid through the plan, excluding any long-term debt paid pursuant to Paragraph 2(d) hereof, shall promptly release all collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filings, judgment liens, titles, and/or any other lien or claim of any kind against property of Debtor(s). This paragraph shall not apply to any secured debt that is not paid through Debtor's (Debtors') Chapter 13 Plan.

(e) The post-petition payments for the claim of SRP Federal Credit Union regarding the Mercedes-Benz C-Class will be made directly by the co-debtor.

9.     The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Date **February 2, 2017**         Signature **/s/ Regina Nelson Ruffin**
                                                                  **Regina Nelson Ruffin**
                                                                  Debtor

*Revised 10/2005*